IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBRA LAMPTON, et al.              :

      Plaintiffs                  :

  v.                                 :    Civil Action No. RWT 11-1364

HOUSEHOLD FINANCE CORPORATION, et al.  :

      Defendants                  :

## MEMORANDUM OPINION

On September 15, 2011, this Court entered a Memorandum Opinion and accompanying Order that denied without prejudice the Plaintiffs' Motion to Extend Time to File Opposition to Defendants' Motions to Dismiss. That same Order directed Plaintiffs' counsel to file a status report within fifteen days of the date of the Order containing the information set forth in the accompanying Memorandum Opinion.

Long after the deadline for compliance with the September 15 Order, Tawana Shephard, Esquire, counsel of record for the Plaintiffs, filed a curious document on October 11, 2011 entitled "Motion for Relief From Final Judgment." [ECF No. 20] In a memorandum accompanying the motion, Ms. Shephard incorrectly stated that the Court had dismissed the Plaintiffs' Complaint on September 15, 2011. It is apparent that Ms. Shepard did not read the memorandum with any degree of care, because the Order did no such thing. Ms. Shepard goes on to state that "[a]lthough Ms. Shepard was not the attorney of record in the case, she filed the Motion for Extension of time to assist the firm and clients. Ms. Shepard separated from The Glenmore Law Firm." Once again, Ms. Shepard is wrong. She *is* counsel of record and her appearance has not been withdrawn with the permission of this Court. She is the *only*

attorney of record for the Plaintiffs.  The Glenmore Law Firm does not represent clients, rather it is the lawyers associated with a firm that represent clients.  Those lawyers have responsibilities to clients, and this Court will require that those responsibilities be met.

Accordingly, Ms. Shepard will be directed, by separate Order, to file with this Court no later than seven days from the date of this Memorandum Opinion and Order a status report containing the information set forth on pages 8 and 9 of this Court's Memorandum Opinion and Order of September 15, 2011.  Should she fail to do so, this Court will issue a Show Cause Order directing her appear before the Court to show cause why she should not be punished for contempt.  Accordingly, she is urged to comply fully with the September 15 Order of this Court without further delay.

Date:  October 13, 2011                                  /s/
                                                  Roger W. Titus
                                                  United States District Judge